IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARI A. MCCLAIN, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 20-1690 |
| ANDREW SAUL, | ) |
| Defendant. | ) |

ORDER

AND NOW, this 28th day of October 2021, the Court, having considered the cross motions for summary judgment, will grant Defendant's summary judgment motion in part.[1] The final agency decision denying Plaintiff's application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence and untarnished by any harmful error. It shall therefore be affirmed. *See* 42 U.S.C. § 405(g); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).[2]

---

[1] In addition to summary judgment in its favor, Defendant asks the Court to tax costs against Plaintiff. Defendant fails to support its secondary request in its brief. Without more than "conclusory assertions" pertaining to the issue, the Court will not take it up. *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996). Defendant's motion shall be denied as to costs.

[2] Plaintiff challenges the Administrative Law Judge's ("ALJ") decision denying her DIB application. The ALJ's decision was predicated upon her finding that Plaintiff could work as a document preparer. Plaintiff now argues the ALJ erred in arriving at that finding because she neglected to address an apparent conflict between Plaintiff's residual functional capacity ("RFC") and document preparer job requirements. The Court has considered Plaintiff's argument but discerns no harmful error in the decision and will affirm it.

ALJs use a five-step evaluation to determine disability. 20 C.F.R. § 404.1520(a)(4). By step five the ALJ has determined that a claimant's medically determinable impairments and

resultant limitations prevent a return to past work and must determine whether the claimant can adjust to alternative work. *Id.* § 404.1520(a)(4)(iv)—(v). To that end, the ALJ considers the claimant's "residual functional capacity and [her] age, education, and work experience." *Id.* § 404.1520(a)(4)(v). At this final step, the "burden of production shifts to the Commissioner." *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). The Commissioner must identify a "significant number of jobs (in one or more occupations) having requirements which [the claimant] [is] able to meet with [her] physical or mental abilities and vocational qualifications." 20 C.F.R. § 404.1566(b).

ALJs often consult vocational experts ("VE") to determine whether a claimant's abilities and vocational qualifications will meet the requirements for a particular occupation. *Id.* § 404.1566(e); *Plummer*, 186 F.3d at 428. The Social Security Administration ("SSA") has explained that VE testimony "generally should be consistent with the occupational information supplied by the [Dictionary of Occupational Titles ("DOT")]." SSR 00-4P, 2000 WL 1898704 at *2 (S.S.A. Dec. 4, 2000). ALJs must ask testifying VEs whether there is "any possible conflict" between their testimony and the information in the DOT before relying on the testimony. *Id.* at *4. If there is such a conflict, then the ALJ must "obtain a reasonable explanation for the apparent conflict" and explain the resolution of the conflict in the decision. *Id.*

In this matter, the ALJ found Plaintiff retained the functional capacity to perform some sedentary work, but limited Plaintiff to "simple and routine tasks and simple work[-]related decisions." (R. 18). That RFC would not permit a return to past work, but the ALJ found that it and Plaintiff's vocational qualifications would permit an adjustment to alternative work. To that end, the ALJ identified three representative occupations of such alternative work, including "Document preparer," DOT 249.587-018. (R. 25—26). The ALJ relied on VE testimony to find Plaintiff's RFC and vocational qualifications were equal to the demands of that occupation. (R. 25—26, 78—80). Before relying on the VE's testimony, the ALJ asked him whether his testimony was consistent with the DOT, to which the VE responded "Yes." (R. 80). Neither Plaintiff nor her attorney challenged the VE's testimony at that time. (R. 80—82).

Plaintiff now argues that her RFC and the document preparer job requirements stand in conflict, and that remand is necessary because the ALJ failed to address the apparent conflict despite the Administration's admonition that ALJs are to obtain reasonable explanations for such conflicts and explain their resolution. The conflict Plaintiff identifies is between the reasoning level demanded of document preparers (level three) and the limitation in her RFC that indicates she can only perform simple and routine tasks and make only simple, work-related decisions. "[T]here is no bright-line rule stating whether there is a *per se* conflict between a job that requires level 3 reasoning and a finding that a claimant should be limited to simple and routine work." *Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014). The SSA has internally suggested level-three reasoning jobs may conflict with limitation to simple, routine, or unskilled work, *Diaz v. Colvin*, 2017 WL 1078229, at *16 (M.D. Pa. Mar. 22, 2017) (citing SSA Memorandum No. 09-2139 (Dec. 28, 2009)), but has provided no formal guidance to that end.

2

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED in part and DENIED in part, as specified above.

/s Alan N. Bloch
United States District Judge

ecf:    Counsel of Record

---

In *Zirnsak* the United States Court of Appeals for the Third Circuit explained that the central inquiry was not necessarily this potential conflict itself, but "whether a failure to inquire about or reconcile a conflict caused any harm to the claimant." 777 F.3d at 618. The Court explained that such an error would be harmless where there was "other evidence in the record that suggests the claimant can engage in occupations with a reasoning level of 3 despite being limited to simple, routine work," and the Court further identified three factors for its analysis. *Diaz*, 2017 WL 1078229, at *16 (citing *Zirnsak*, 777 F.3d at 617—19). First, the Court considered that the claimant had not seriously argued that she could not perform the jobs identified by the VE. *Zirnsak*, 777 F.3d at 618. Second, the Court considered that claimant/claimant's counsel had not identified inconsistencies or questioned the VE about them at the administrative hearing. *Id.* at 619. Third, the Court considered that the occupations the VE identified were "illustrative," not "exhaustive." *Diaz*, 2017 WL 1078229, at *16. "[T]he combination of [those] factors compel[led]" the Court to find that "any conflict was not so obvious that the ALJ should have pursued the question." *Zirnsak*, 777 F.3d at 619 (citing *Simpson v. Astrue*, 2011 WL 1883124, at *7 (E.D. Pa. May 17, 2011)).

Considering the same factors, the Court finds remand is unwarranted in this matter. First, Plaintiff has not meaningfully argued that she is unable to work as a document preparer. Second, neither Plaintiff nor her attorney identified the purported inconsistency or challenged the VE's testimony at Plaintiff's hearing before the ALJ. Finally, the ALJ included the document preparer job on an illustrative list of occupations that would be available to Plaintiff, not an exhaustive one. The salient factors thus counsel affirmance—there is no "conflict . . . so obvious that the ALJ should have pursued the question." *Id.* (citation omitted). Additionally, because the Court has resolved this issue in Defendant's favor, it need not address Plaintiff's consequent argument that, excluding the document preparer jobs, the ALJ identified an insufficient number of jobs that would be available to Plaintiff at step five.